HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENNIS WILLARD,

    Plaintiff,

  v.

AINSWORTH GAME TECHNOLOGY, INC.,

    Defendant.

Case No. 2:19-cv-01970-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a).  For the reasons below, the Court **GRANTS** the motion.  The Court transfers this matter to the United States District Court for the District of Nevada.

## II.  BACKGROUND

Plaintiff Dennis Willard, a resident of Snohomish County, Washington, was employed by Defendant Ainsworth Game Technology, Inc. ("AGT") (Dkt. # 1-2 ¶ 1.1), a Florida corporation with its headquarters and principal place of business in Las Vegas, Nevada (Dkt. # 10 at 3).  Plaintiff began his employment on July 31, 2017, as an account executive engaged in sales of Defendant's gaming equipment and served in that role until his termination on July 15, 2019.  Dkt. # 1-2 ¶¶ 3.1, 3.5.  Under the company's "Sale Compensation Plan North America," ("Comp Plan") adopted on July 1, 2018, Plaintiff

ORDER – 1

received monthly commission payments between August and December 2018.  *Id.* ¶ 3.3.  Beginning in January 2019, however, Defendant stopped providing Plaintiff commission payments, despite several large sales.  *Id.* ¶¶ 3.4, 3.5.  Six months later, Defendant terminated Plaintiff's employment and informed him that he was "ineligible for any additional [commission] payments based on his termination."  *Id.* ¶ 3.6.  Defendant alleges Plaintiff was terminated for "repeated failures to fulfill the obligations of his job and repeated failures to follow company policies, including policies regarding the use of the corporate credit card, among other reasons."  Dkt. 8 ¶ 2.8.

On November 12, 2019, Plaintiff filed a complaint for unpaid wages in Snohomish County Superior Court alleging that Defendant violated Washington wage laws, RCW 49.48, *et seq*. and RCW 49.52.50.  Dkt. # 1-2 ¶ 4.4.  On December 3, 2019, Defendant removed the case to this Court based on diversity of citizenship pursuant to 28. U.S.C. §§ 1332(a) and 1441.  Dkt. # 1 at 1.  A week later, Defendant responded to the complaint and filed counterclaims, alleging breach of contract and conversion.  Dkt. # 8 ¶ 3.2-4.4.  Specifically, Defendant alleged that Plaintiff breached two provisions of the parties' "Confidentiality, Non-Disclosure, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement" ("NDA") (Dkt. # 8 ¶ 2.7): (1) Plaintiff violated the "Return of Company Materials" provision by failing to account for company credit card charges and for failing to relinquish his participation in Defendant-sponsored golf events or, alternatively, return Defendant's sponsorship after his termination (*id.* ¶¶ 3.3-3.5); and (2) Plaintiff violated the "Covenant Not to Compete and No Solicitation" by engaging with Defendant's current and potential customers at the golf events and thus disadvantaging Defendant within 90 days of Plaintiff's termination (*id.* ¶¶ 3.6-3.7).

On December 20, 2019, Defendant filed this motion to transfer case venue to the district of Nevada.  Dkt. # 10.  Defendant asserts that transfer is required under the NDA's forum selection clause (*id.* at 2), which states in relevant part:

To the extent that any lawsuit is permitted under the Agreement, I hereby express

ORDER – 2

consent to the personal and exclusive jurisdiction and venue of the state and federal courts located in Nevada for any lawsuit filed against me by the Company.

Dkt. # 12-2 ¶ 8.

Plaintiff argues that his wage claims do not fall under the NDA, but rather the Comp Plan, which has no forum selection clause requiring a transfer. Dkt. # 14 at 1. Plaintiff further notes that his claims are governed by Washington law and that he, as a lifelong Washington resident, chose to file the claims in Washington. *Id.* at 2. Plaintiff alleges that Defendant's assertion of counterclaims based on the NDA was a "blatant attempt" to make Plaintiff's pursuit of wage claims "as expensive and inconvenient" as possible. *Id.*

## III.  DISCUSSION

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63. When the contract at issue contains a forum selection clause, the court must "adjust the forum non conveniens analysis in three ways: (1) the plaintiff's choice of forum merits no weight; (2) the court should not consider arguments about the parties' private interests; and (3) a transfer of venue will not carry with it the original venue's choice of law rules." *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (internal citations and quotations omitted). The court's discretion in deciding whether to transfer a case where a forum selection clause exists is limited to consideration of public interest factors. 571 U.S. at 64. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

### A.  Applicability of the Forum Selection Clause

The first question here is not whether the forum selection clause is valid, but

ORDER – 3

whether the claims are governed by the NDA and are thus subject to the clause. In *In re Orange*, Defendant Orange, S.A., a French multinational telecommunications company, petitioned the court to dismiss Plaintiff Telesocial's claims based on a forum non conveniens argument. *Id.* This argument relied on the forum selection clause in the parties' nondisclosure agreement, which required all disputes to be "submitted to the Court of Paris." *Id.* at 962. The court held that Telesocial's claims, including claims for violations of the Computer Fraud and Abuse Act, breach of contract for violating Telesocial's "Terms of Use," and other California-law claims arising from the theft of trade secrets and proprietary software code, were not covered under the terms of the parties' nondisclosure agreement and were, therefore, not subject to the forum selection clause. *Id.* at 962.

While the facts here appear analogous to those in *In Re Orange*, the similarities end with Defendant's counterclaims. Of course, Defendant's counterclaim that Plaintiff violated the NDA by participating in golf events after his termination (but while the non-solicitation clause was still in effect) does not appear to pertain to Plaintiff's claim for unpaid wages during the last six months of his employment. However, Defendant's second counterclaim, alleging Plaintiff violated the NDA by failing to account for his company credit card expenses, is directly related to the facts surrounding Defendant's wage claim. Indeed, Defendant contends that this failure is the reason—at least in part—why Plaintiff did not receive commission payments. Dkt. # 17 at 3. According to Defendant, Plaintiff "did not fulfill required conditions under the [Commission] Plan to be eligible for commissions." *Id.* Therefore, at least one of the counterclaims filed by Defendant goes to the core of Plaintiff's claims, subjecting Plaintiff's claim to the NDA's forum selection clause.

### B.   The Interests of Justice

The second question is whether public interest factors override the parties' forum selection clause. Plaintiff contends that Defendant filed breach of contract counterclaims

ORDER – 4

only to gain a "tactical advantage" over Plaintiff. Dkt. # 14 at 10. Yet, regardless of his motives, Defendant has not deprived Plaintiff of the opportunity to litigate his claims. Plaintiff may still pursue his breach of contract claims against Defendant in federal district court, albeit in a different state. The Court is unpersuaded that Plaintiff's inconvenience presents a public interest factor sufficient to defeat the transfer motion. In the absence of additional public interest factors or exceptional circumstances compelling the denial of the motion, the Court has no choice but to transfer the case to the parties' agreed upon forum.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to transfer venue and orders the transfer of the case to the District of Nevada.

DATED this 31st day of July, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5